MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CINDY JOCELYN HERNANDEZ and
MARIA GUTIERREZ CAJINA, *individually*
*and on behalf of others similarly situated,*

                *Plaintiffs*,

        -against-

NATIONAL GROCERY CO INC. (D/B/A C-
TOWN SUPERMARKETS) and RADI
HAMDAN,

                *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b) AND RULE 23**
**CLASS ACTION**

**ECF Case**

      Plaintiffs Cindy Jocelyn Hernandez and Maria Gutierrez Cajina , individually and on behalf

of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against National Grocery Co

Inc. (d/b/a C-Town Supermarkets), ("Defendant Corporation") and Radi Hamdan, ("Individual

Defendant"), (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

      1.    Plaintiffs are former employees of Defendants National Grocery Co Inc. (d/b/a C-

Town Supermarkets) and Radi Hamdan.

      2.    Defendants own, operate, or control a supermarket, located at 237 Avenue U,

Brooklyn, New York 11223 under the name "C-Town Supermarkets".

3.      Upon information and belief, individual Defendant Radi Hamdan, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the Supermarket as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as cashiers at the Supermarket located at 237 Avenue U, Brooklyn, New York 11223.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

7.      Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL") and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a supermarket located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.    Plaintiff Cindy Jocelyn Hernandez ("Plaintiff Hernandez" or "Ms. Hernandez") is an adult individual residing in Kings County, New York.

16.    Plaintiff Hernandez was employed by Defendants at C-Town Supermarkets from approximately December 8, 2017 until on or about February 25, 2018.

17.    Plaintiff Maria Gutierrez Cajina ("Plaintiff Gutierrez" or "Ms. Gutierrez") is an adult individual residing in Kings County, New York.

18.    Plaintiff Gutierrez was employed by Defendants at C-Town Supermarkets from approximately October 2017 until on or about February 20, 2018.

*Defendants*

19.    At all relevant times, Defendants own, operate, or control a supermarket, located at 237 Avenue U, Brooklyn, New York 11223 under the name "C-Town Supermarkets".

20.    Upon information and belief, National Grocery Co Inc. (d/b/a C-Town Supermarkets) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 237 Avenue U, Brooklyn, New York 11223.

21.    Defendant Radi Hamdan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Radi Hamdan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Radi Hamdan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.    Defendants operate a supermarket located in the Gravesend section of Brooklyn in New York City.

23.    Individual Defendant, Radi Hamdan, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendant Radi Hamdan operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)     defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)     transferring assets and debts freely as between all Defendants,

d)     operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)     operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)     intermingling assets and debts of his own with Defendant Corporation,

- 5 -

g)     diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)     Other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

30.    In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Supermarket on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

32.    Plaintiffs are former employees of Defendants who were employed as cashiers.

33.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Cindy Jocelyn Hernandez*

34.    Plaintiff Hernandez was employed by Defendants from approximately December 8, 2017 until on or about February 25, 2018.

35.    Defendants employed Plaintiff Hernandez as a cashier.

36.    Plaintiff Hernandez regularly handled goods in interstate commerce, such as Supermarket and other supplies produced outside the State of New York.

37.  Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

38.  From approximately December 8, 2017 until on or about December 15, 2017, Plaintiff Hernandez worked as a cashier from approximately 7:00 a.m. until on or about 7:00 p.m. to 8:00 p.m., three days a week (typically 36 to 39 hours per week).

39.  From approximately December 16, 2017 until on or about December 22, 2017, Plaintiff Hernandez worked as a cashier from approximately 7:00 a.m. until on or about 4:00 p.m. or from approximately 12:00 p.m. until on or about 9:00 p.m., 7 days a week (typically 63 hours per week).

40.  From approximately December 23, 2017 until on or about January 8, 2018, Plaintiff Hernandez worked as a cashier from approximately 7:00 a.m. until on or about 3:00 p.m. to 4:00 p.m., 6 days a week (typically 48 to 54 hours per week).

41.  From approximately January 8, 2018 until on or about February 7, 2018, Plaintiff Hernandez worked as a cashier from approximately 7:00 a.m. until on or about 9:00 p.m., Mondays, from approximately 7:00 a.m. until on or about 4:00 p.m., Tuesdays through Fridays, and from approximately 8:00 a.m. until on or about 1:00 p.m. to 2:00 p.m., Sundays (typically 55 to 56 hours per week).

42.  From approximately December 8, 2017 until on or about December 22, 2017, Defendants paid Plaintiff Hernandez her wages in cash.

43.  From approximately December 23, 2017 until on or about February 7, 2018, Defendants paid Plaintiff Hernandez her wages in a combination of check and cash.

44.  From approximately February 8, 2018 until on or about February 25, 2018, Defendants paid Plaintiff Hernandez her wages in cash.

45.    From approximately December 8, 2017 until on or about December 15, 2017, Defendants paid Plaintiff Hernandez a fixed salary of $120 per week.

46.    From approximately December 16, 2017 until on or about January 8, 2018, Defendants paid Plaintiff Hernandez $11 per hour for 40 hours.

47.    From approximately January 8, 2018 until on or about February 25, 2018, Defendants paid Plaintiff Hernandez $13 per hour for 40 hours.

48.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

49.    Prior to December 23, 2017, Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

50.    In fact, Defendants adjusted Plaintiff Hernandez's paystubs so that they reflected inaccurate wages and hours worked.

51.    Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Maria Gutierrez Cajina*

52.    Plaintiff Gutierrez was employed by Defendants from approximately October 2017 until on or about February 20, 2018.

53.    Defendants employed Plaintiff Gutierrez as a cashier.

54.    Plaintiff Gutierrez regularly handled goods in interstate commerce, such as Supermarket and other supplies produced outside the State of New York.

55.    Plaintiff Gutierrez's work duties required neither discretion nor independent judgment.

56.  Throughout her employment with Defendants, Plaintiff Gutierrez regularly worked in excess of 40 hours per week.

57.  From approximately October 2017 until on or about January 15, 2018, Plaintiff Gutierrez worked as a cashier from approximately 9:00 a.m. until on or about 3:00 p.m. or from approximately 4:00 p.m. until on or about 9:30 p.m. to 10:00 p.m., Mondays through Thursdays and from approximately 7:00 a.m. until on or about 9:00 p.m., Fridays, Saturdays and Sundays (typically 64 to 66 hours per week).

58.  From approximately January 15, 2018 until on or about February 20, 2018, Plaintiff Gutierrez worked as a cashier from approximately 9:00 a.m. until on or about 3:30 p.m., Tuesdays through Fridays, from approximately 10:00 a.m. until on or about 9:30 a.m., Saturdays, and from approximately 8:00 a.m. until on or about 8:30 p.m., Sundays (typically 50 hours per week).

59.  From approximately October 2017 until on or about February 3, 2018, Defendants paid Plaintiff Gutierrez her wages by check.

60.  From approximately February 4, 2018 until on or about February 20, 2018, Defendants paid Plaintiff Gutierrez her wages in a combination of check and cash.

61.  From approximately October 2017 until on or about January 2018, Defendants paid Plaintiff Gutierrez $11.00 per hour for 40 or less hours per week.

62.  From approximately January 2018 until on or about February 20, 2018, Defendants paid Plaintiff Gutierrez $13.00 per hour.

63.  No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gutierrez regarding overtime and wages under the FLSA and NYLL.

64.  Defendants did not provide Plaintiff Gutierrez an accurate statement of wages, as required by NYLL 195(3).

65.     In fact, Defendants adjusted Plaintiff Gutierrez's paystubs so that they reflected inaccurate wages and hours worked.

66.     Defendants did not give any notice to Plaintiff Gutierrez, in English and in Spanish (Plaintiff Gutierrez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.     Defendants required Plaintiff Gutierrez to purchase "tools of the trade" with her own funds—including two pairs of pants and two pairs of black shoes.

*Defendants' General Employment Practices*

68.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime compensation and spread of hours as required by federal and state laws.

69.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

70.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

71.     Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

72.     Plaintiffs were paid their wages in cash or in a combination of check and cash.

73.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

74.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked and spread of hours pay.

76.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

78.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the

employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

81.    At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

82.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

83.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

84.    Plaintiffs bring their New York Labor Law minimum wage, wage deduction and liquidated damages claims on behalf of all persons who were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to

entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

85.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

86.    There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage within the meaning of the New York Labor Law;

e)  Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f)  At what common rate, or rates subject to common methods of calculation, were Defendants required to pay the class members for their work; and

g)  What were the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

87.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment

of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

88.    The representative parties will fairly and adequately protect the interests of the Class and had no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

89.    The common questions of law and fact predominate over questions affecting only individual members.

90.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

91.    Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

92.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

93.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23Class Members), controlled the terms and conditions

of their employment, and determined the rate and method of any compensation in exchange for their employment.

94.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

95.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

96.    Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

97.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

98.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

99.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

102.    Plaintiffs (and the FLSA and Rule 23Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

103.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.  At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

105.  Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 Class members) less than the minimum wage.

106.  Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

107.  Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

108.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.  Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

110. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

111.  Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

112.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.  Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

114.  Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

115.  Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

116.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.  Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 Class members) with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip,

meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

118.  Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

119.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.  With each payment of wages, Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

121.  Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHT CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

122.  Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

123. Defendants required Plaintiff Gutierrez (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

124. Plaintiff Gutierrez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members ;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(f)      Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs (and the FLSA and Rule 23 class members);

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)      Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL,  as applicable;

(n)    Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        March 22, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*

- 21 -

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 27, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Cindy Jocelyn Hernandez**

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     27 de febrero de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 27, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Maria Gutierrez Cajina

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     27 de febrero de 2018