# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

January 16, 2019

**VIA ECF**

Hon. Carol Bagley Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re:  *Hernandez, et al. v. National Grocery Co Inc., et al*
Case No. 18-cv-1774

Dear Judge Amon:

This office represents Plaintiffs Cindy Jocelyn Hernandez and Maria Gutierrez Cajina ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants National Grocery Co Inc. (d/b/a C-Town Supermarkets) and Radi Hamdan ("Defendants" and together with Plaintiffs, the "Parties").

The Parties agreed to resolve this action on the mutually acceptable terms. The Parties' agreement has been memorialized in a fully executed Settlement Agreement (the "Agreement"), a copy of which is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Further, Plaintiffs had discrimination claims which they planned to file with the EEOC. The parties have settled the wage and hour claims in this lawsuit together with their anticipated discrimination claims. Therefore, in their settlement agreement, the parties have included a general and mutual release, as opposed to a specific release, so as to account for their discrimination claims.

The Parties represent to the Court that, as a result of the mediated settlement, they believe that the Agreement is fair, as discussed herein.

**Background**

Plaintiffs were employed by Defendants to work at a supermarket located at 237 Avenue U, Brooklyn, New York 11223 under the name "C-Town Supermarkets." Plaintiffs were employed by Defendants as cashiers.

Specifically, Plaintiff Cindy Jocelyn Hernandez ("Plaintiff Hernandez") was employed by Defendants as a cashier from approximately December 8, 2017 until on or about February 25, 2018. From approximately December 8, 2017 until on or about December 15, 2017, Plaintiff Hernandez typically worked 36 to 39 hours per week. From approximately December 16, 2017

*Certified as a minority-owned business in the State of New York*

Hon. Carol Bagley Amon
January 16, 2019
Page 2 of 4

until on or about December 22, 2017, Plaintiff Hernandez typically worked 63 hours per week. From approximately December 23, 2017 until on or about January 8, 2018, Plaintiff Hernandez typically worked 48 to 54 hours per week. From approximately January 8, 2018 until on or about February 7, 2018, Plaintiff Hernandez typically worked 55 to 56 hours per week. From approximately December 8, 2017 until on or about December 22, 2017, Defendants paid Plaintiff Hernandez her wages in cash. From approximately December 23, 2017 until on or about February 7, 2018, Defendants paid Plaintiff Hernandez her wages in combination of check and cash. From approximately February 8, 2018 until on or about February 25, 2018, Defendant paid Plaintiff Hernandez her wages in cash. From approximately December 8, 2017 until on or about December 15, 2017, Defendants paid Plaintiff Hernandez a fixed salary of $120 per week. From approximately December 16, 2017 until on or about January 8, 2018, Defendants paid Plaintiff Hernandez $11 per hour for 40 hours. From approximately January 8, 2018 until on or about February 25, 2018, Defendants paid Plaintiff Hernandez $13 per hour for 40 hours.

Plaintiff Maria Gutierrez Cajina ("Plaintiff Gutierrez") was employed by Defendants as a cashier from approximately October 2017 until on or about February 20, 2018. From approximately October 2017 until on or about January 15, 2018, Plaintiff Gutierrez typically worked 64 to 66 hours per week. From approximately October 2017 until on or about February 3, 2018, Defendants paid Plaintiff Gutierrez her wages by check. From approximately February 4, 2018 until on or about February 20, 2018, Defendants paid Plaintiff Gutierrez her wages in combination of check and cash. From approximately October 2017 until on or about January 2018, Defendants paid Plaintiff Gutierrez $11.00 per hour for 40 or less hours per week. From approximately January 2018 until on or about February 20, 2018, Defendants paid Plaintiff Gutierrez $13.00 per hour.

Defendants deny Plaintiffs' allegations and assert that Plaintiffs were paid in accordance with the law. In particular, Defendants dispute (1) Plaintiffs' claim that they are owed unpaid wages at the minimum wage rate; (2) Plaintiffs' claims regarding the number of hours that thye supposedly worked without compensation at the overtime rate; and (3) Plaintiffs' computation of their alleged damages.

The Parties thus acknowledge that they each face risks of not being able to prevail on some or all of their respective claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the Parties agreed to resolve and settle the case.

**Settlement**

Plaintiffs estimates that, in a best case scenario, they would be entitled to approximately $8,316.00 in minimum and overtime base wages ($2,413.50 for Plaintiff Hernandez or 29% of the total; and $5,902.50 for Plaintiff Gutierrez or 71% of the total). However, if Defendants were to succeed in proving that Plaintiffs were paid in accordance with the law, they estimate that they would be entitled to much less, if anything at all. Defendants for their part assert that they should not be liable to Plaintiffs for any unpaid wages or penalties. Accordingly, the Parties have agreed to resolve this action for the total sum of **$25,000.00**, which will be paid as outlined in **Exhibit A**.

Hon. Carol Bagley Amon
January 16, 2019
Page 3 of 4

Sixteen Thousand Six Hundred and Sixty Six Dollars and Sixty-Seven Cents ($16,666.67) of the settlement amount will be paid to the Plaintiffs, in full satisfaction of any wages or penalties owed as well as for their discrimination claims ($4,833.33 or 29% for Plaintiff Hernandez; and $11,833.34 or 71% of the total for Plaintiff Gutierrez). The remaining Eight Thousand Three Hundred and Thirty Three Dollars and Thirty-Three Cents ($8,333.33) will be paid to Michael Faillace & Associates, P.C., as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc*.,* 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action, without incurring the costs or encumbrance of lengthy trial. The Twenty-Five Thousand Dollars ($25,000.00) that they will be receiving accounts for any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as damages for their discrimination claims. This recovery is also well over what the Plaintiffs would recover if Defendants were to successfully establish that Plaintiffs were paid in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiffs, the settlement represents a reasonable compromise with respect to contested issues. Further, while this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such, and there has been no publicity concerning this matter; consequently, there is no prejudice to any potential class member who is not a party to the Agreement.

### **The Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $8,333.33 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in

Hon. Carol Bagley Amon
January 16, 2019
Page 4 of 4

fees from what is identified in the Plaintiffs' retainer agreement, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiffs' counsel was able to obtain a favorable pre-trial result.

Attached hereto as **Exhibit B**, are the Plaintiffs' attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and the Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Hon. Carol Bagley Amon
January 16, 2019
Page 5 of 4

      Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their client. Plaintiffs' interests have thus been adequately safeguarded.

      In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

      Thank you for your consideration in this matter.

                                           Respectfully Submitted,

                                           /s/ Michael Faillace
                                           Michael Faillace, Esq.
                                           Michael Faillace & Associates, P.C.
                                           *Attorneys for Plaintiffs*

cc:      Courtney Davy, Esq. (via ECF)
         *Attorney for Defendants*